UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:18-cr-00159-JAW |
| | ) | |
| JAMES HAGAR | ) | |

**ORDER ON MOTION TO DISMISS INDICTMENT**

The Court rejects a defendant's motion to dismiss an indictment because the defendant's theory of dismissal is bottomed on the defendant's disagreement with the facts underlying the indictment and only a jury may resolve a factual dispute.

I.     **BACKGROUND**

On November 2, 2018, a federal grand jury indicted James Hagar for making a false statement in connection with his acquisition of firearms, two 9mm pistols, from Coastal Defense, a federally-licensed firearms dealer, an alleged violation of 18 U.S.C. § 922(a)(6). *Indictment* at 1 (ECF No. 1). The indictment alleges that Mr. Hagar made a false statement when he represented that he was the actual buyer of the firearms whereas in fact, according to the indictment, he was purchasing the firearms for another person. *Id.* The indictment also contains a forfeiture allegation against the two pistols. *Id.* at 2.

On December 13, 2018, Mr. Hagar filed a motion to dismiss the indictment based on his assertion that he did not make a false statement when he bought the firearms. *Def.'s Mot. to Dismiss* (ECF No. 29) (*Def.'s Mot.*). Mr. Hagar asserts that he intended to purchase the firearms for himself and then resell them immediately

to someone else. *Id.* at 2. He emphasizes that he was not paid in advance by the third party and that he had used his own money to make the purchase. *Id.* at 1. Although he acknowledges that the transaction has "many of the attributes of a 'straw' purchase," Mr. Hagar says that "it does not have the necessary agency relationship, or the necessary payment up front." *Id.* at 2. The Government objects, taking the position that Mr. Hagar is attempting to challenge the facts underlying the indictment and that a motion to dismiss the indictment is not a proper vehicle to do so. *Gov't's Resp. to Def.'s Mot. to Dismiss* at 1-3 (ECF No. 36). Mr. Hagar declined to file a reply to the Government's response.

## II. DISCUSSION

Unlike civil actions, an indictment is not generally subject to dispositive motion practice. *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009); *see also United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000). "[D]ismissing an indictment is an extraordinary step," *Li*, 206 F.3d at 62 (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)), because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function. *See* U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . .."). In the First Circuit's words, "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995). This power is "appropriately reserved, therefore, for extremely limited circumstances," *id.* (citing *Bank of Nova Scotia v.*

2

*United States*, 487 U.S. 250, 263 (1988)), and should be "exercised with caution." *United States v. Cameron*, 662 F. Supp. 2d 177, 180 (D. Me. 2009).

In addressing a challenge to an indictment, a district court must simply determine "whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011) (citation omitted). The Court should not inquire into the sufficiency of the evidence supporting the indictment. *United States v. Maceo*, 873 F.2d 1, 2-3 (1st Cir. 1989) (citation omitted) ("an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits"). Rather, at this stage, the Court "must accept the allegations in the indictment as true." *United States v. Young*, 694 F. Supp. 2d 25, 27 (D. Me. 2010) (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)); *see* FED. R. CRIM. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits"). In other words, a motion to dismiss is an inappropriate way "to test the sufficiency of the evidence behind the indictment's allegations." *Guerrier*, 669 F.3d at 4.

For purposes of ruling on the motion to dismiss, the Court may not credit Mr. Hagar's view of what he intended to do when he purchased the firearms "without a trial on the merits." FED. R. CRIM. P. 12(b)(1); *Guerrier*, 669 F.3d at 3-4. Mr. Hagar may argue to a finder of fact, not this Court, that the Government "does not have any

3

real evidence." *Def.'s Mot.* at 1. A jury, not a judge, must resolve his factual contentions and simply because Mr. Hagar objects to the allegations in the indictment, his disagreement, standing alone, does not warrant dismissal. *Whitehouse*, 53 F.3d at 1360; *Cameron*, 662 F. Supp. 2d at 181. "What counts in situations like this are the charging paper's allegations, which we must assume are true," *Guerrier*, 669 F.3d at 3-4 (citation omitted), and in this case the indictment alleges that Mr. Hagar "knowingly made a false statement in connection with his acquisition of firearms" by responding, "Yes to question 11(a) of the ATF Form 4473 and thereby claimed that he was the actual buyer of the . . . firearms, when in fact he was purchasing the firearms for another individual." *Indictment* at 1 (internal quotation marks omitted). The indictment also alleges that Mr. Hagar's "false statement was likely to deceive Coastal Defense as to a material fact to the lawfulness of the same of the above-described firearms to the defendant under Chapter 44 of Title 18." *Id.* The indictment therefore properly alleges the elements of the charge against Mr. Hagar in Count One.

"[I]n the ordinary course of events, a technically sufficient indictment handed down by a duly impaneled grand jury 'is enough to call for trial of the charge on the merits.'" *Guerrier*, 669 F.3d at 4 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). As Count One of the indictment alleges the elements of an alleged violation of criminal law under 18 U.S.C. § 922(a)(6), it is not subject to dismissal.

## III. CONCLUSION

The Court DENIES Defendant's Motion to Dismiss (ECF No. 29).

4

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2019